U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE
OCT 15 2013
TONY R. MOORE, CLERK
BY_____
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Sunnyside Land LLC, et al     Civil Action No. 6:09-01458

versus     Judge Richard T. Haik

Barnes, et al     Magistrate Judge C. Michael Hill

## MEMORANDUM ORDER

Before the Court is plaintiffs, Sunnyside Land LLC and Sunnyside Timber LLC's, Motion To Exclude the Expert Testimony Of Ben Powell (*Daubert Motion*) *and* Motion to Exclude Untimely Pleaded Defense [Rec. Doc. 153] and a memorandum in opposition filed by defendants, W. Frank Barnes, W. F. Barnes Corporation and Brenda Barnes. [Rec. Doc. 160].

I. *Motion To Exclude The Expert Testimony Of Ben Powell*

Federal Rule of Evidence 702 governs the admissibility of expert testimony and provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The United States Supreme Court's decision in *Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." Pursuant to *Daubert*, the district court may use an illustrative, but not an exhaustive, list of factors in evaluating the reliability of expert testimony. These factors include whether the expert's theory or technique: (1) can be or has been tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error or standards controlling its operation; and (4) is generally accepted in

the relevant scientific community. *Id.* at 244. The Supreme Court emphasized that the *Daubert* analysis is a "flexible" one, and that "the factors identified in Daubert may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir.2003).

District courts have "wide latitude in determining the admissibility of expert testimony." *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir.1997). In exercising this discretion, district courts should be mindful that, "[a]s the Court in *Daubert* makes clear, [] the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system: 'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir.1996). The Fifth Circuit has explained, "The district court should, initially, approach its inquiry with the proper deference to the jury's role as the arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration. *Primrose Operation Co. V. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) *quoting 14.38 Acres of Land* at 1007.

Powell has been retained by defendants as an expert in logging and/or forestry. Powell's curriculum vitae includes his experience and expertise in non-industrial, private forestry in excess of thirty years. Plaintiffs assert that Powell should be excluded because his opinion and methodology are insufficient to withstand the requirements of *Daubert* and he lacks the expertise required to assist the trier of fact in any issue in this case. In particular,

2.

plaintiffs contend that Powell's "professional resume" does not include any training in the examination of aerial photography on which he relies in writing his opinion.

Powell's testimony as an expert in forestry and logging is not at issue. Rather, plaintiffs' contend that Powell is not qualified in aerial photography. Powell merely uses aerial photography as a means to render his opinion. This is not a proper basis to exclude his testimony under *Daubert*. Instead, plaintiffs may employ cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof to attack such evidence. Again, "as a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Primrose* at 562.

## II. Motion to Exclude Untimely Pleaded Defense

Plaintiffs move to exclude Barnes' response to their discovery request "that plaintiffs knew that Keith Allred blocked access to the property via Range Creek Road" on the basis that the "affirmative defense" was made for the first time in the discovery response. Based on defendants' Answer filed on January 22, 2013, pleading multiple affirmative defenses related to plaintiffs' knowledge of the property [Rec. Doc. 101], plaintiffs' motion will be denied.

Accordingly,

**IT IS ORDERED** that Motion To Exclude the Expert Testimony Of Ben Powell (*Daubert Motion*) *and* Motion to Exclude Untimely Pleaded Defense [Rec. Doc. 153] is DENIED.

Thus done and signed this 10th day of October, 2013 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge